IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| ORIGAMI OWL, LLC, | ) | Civil Action No. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| SINAI HANASH a/k/a SHIMI MALCHA, | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORIGAMI OWL, LLC, complains of Sinai Hanash, a/k/a Shimi Malcha ("Defendant" or "Hanash") and for cause of action would show the Court as follows:

## I. PARTIES

1. Plaintiff Origami Owl, LLC is a Delaware limited liability company with its principal place of business in Chandler, Arizona.

2. Defendant Sinai Hanash is, upon information and belief, a naturalized U.S. citizen and a citizen of Georgia, and who may be served with process at his principal place of business, or wherever he may be found.

3. The facts and substance of this action take place in the state of South Carolina including but not limited to the county of Horry and others.

## II. JURISDICTION AND VENUE

4. Subject matter jurisdiction is based upon complete diversity of citizenship and alienage citizenship of the parties, and the amount in controversy exceeds $75,000, excluding interest and costs in accordance with 28 U.S.C. § 1332(a). Additionally, the Court has subject

1

matter jurisdiction over Origami Owl's Lanham Act, Trademark Infringement and Dilution, Unfair Competition, and Copyright Infringement claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant due to his minimum contacts with South Carolina, including but not those contacts arising from the business in which he has engaged in the state of South Carolina. In the alternative, the Court has personal jurisdiction over Defendant pursuant to Rule 4(k).

6. Venue is appropriate in this Court because a substantial part of the events giving rise to the claims asserted below occurred in this district.

### III. FACTUAL BACKGROUND

7. Origami Owl owns certain trademarks, specifically identified below, pursuant to which Origami Owl brands a diverse line of jewelry products. The company operates through a direct-sales model, which also empowers its licensed Independent Designers to create their own sales force. Origami Owl products are not sold in stores or malls but only on-line or through in-home shows. Origami Owls also uses aqua and pink, as well as its signature white owls, as branding to create recognition and goodwill for its Products.

8. Origami Owl owns certain trademarks, including, but not limited to "Origami Owl", Reg. No. 4,170,416, and "LIVING LOCKETS," Reg. No. 4,307,520, as well as "YOU TELL STORIES WITH WORDS…WE TELL STORIES WITH JEWELRY," Reg. No. 4,264,185, and "EVERY LOCKET TELLS A STORY.. WHAT'S YOURS?" Reg. No. 4,278,689 (the "Registered Tag Lines"), each of which is registered with the United States Patent & Trademark Office (collectively, the "Marks"). Using these Marks and Registered Taglines, Origami Owl brands a unique and diverse line of jewelry products (collectively, the "Products").

Origami Owl has also developed many distinctive designs for the charms, lockets, dangles, plates and other jewelry items used in its products, including but not limited to its enamel owl design, Reg. No. VAu001121479 and other collections (collectively, the "Copyrighted Designs"). A copy of the Copyrighted Designs that are registered with the United States Copyright Office is attached hereto as **Exhibit 1**.

9. Using its Marks, Registered Tag Lines and Copyrighted Designs, Origami Owl's Products are sold on Origami Owl's website or in replicated websites for each of its Independent Designers, under the "ORIGAMI OWL" domain name.

10. Origami Owl has invested a considerable amount of time and money establishing its rights and goodwill in the Marks, and protects the Marks from unauthorized use.

11. Origami Owl, however, recently discovered that Defendant is using and infringing Origami Owl's Marks. Defendant operates at least three mall "kiosks," each bearing the name "Origami Lockets," and uses signage, which advertises Origami Owl's Registered Tag Lines. The kiosk also uses Origami Owl branding; the same colors and owl markings owned by Origami Owl. One such kiosk is located in North Point Mall in Alpharetta, Georgia. As described below, a second kiosk is operated in Myrtle Beach, South Carolina.

12. Defendant's kiosks also display photos of Origami Owl products, in which Defendant changed only certain portions or "plates" from the Origami Owl products. In fact, some of the products reflected in Defendant's photos are not sold by Defendant; they are sold only by Origami Owl.

13. Further, Defendant or his employees or agents have informed consumers that:

* Defendant sells "the same products" as Origami Owl;

* Defendant obtains his products from the same manufacturing source as Origami Owl; and,

3

>   \*      the only difference between other Origami Owl products and those
>   sold by Defendant is that Defendant can sell their products in stores,
>   while Origami Owl only sells its products in home shows.

14.     When Origami Owl discovered Defendant's unlawful and improper conduct, it contacted him and requested that he cease and desist from further infringing and deceptive conduct.  Defendant falsely informed Origami Owl's Director of Compliance that he would discontinue the infringement of Origami Owl's Marks and Registered Tag Lines, stop making the false statements noted above, and remove the deceptive and improper signage and photos and branding materials.

15.     Instead of taking the promised steps to discontinue his infringement, passing off, and deceptive sales practices, Defendant *opened at least one additional kiosk.*  The new kiosk is located in Broadway at the Beach in Myrtle Beach, South Carolina.  In fact, the Defendant informed Origami Owl's Director of Compliance that he intended to open additional kiosks in the future. This additional kiosk uses the same tactics outlined above: unauthorized use of Origami Owl's Marks and Taglines; false statements or origin and affiliation; intentionally deceptive and improper branding and advertisement.

16.     Following the discovery of Defendant's expanded illegal activity, Origami Owl again contacted Defendant and demanded that he cease and desist from his intentional infringing and deceptive acts.  Defendant ignored Origami Owl's request.

## IV.  CONDITIONS PRECEDENT

17.     All conditions precedent to the bringing of this action and the Counter-Defendant's liability have occurred, been excused or performed.

## V.     CLAIMS

**A.     FIRST CAUSE OF ACTION: TRADEMARK INFRINGEMENT**

18.     Origami Owl re-alleges and incorporates by reference the factual allegations above.

19.     Origami Owl is the owner of United States Trademark Registration No. 4,170,416, registered July 10, 2012, for "ORIGAMI OWL" (for "On-line wholesale and retail store services featuring Jewelry; Online retail services through direct solicitation by distributors directed to end-users featuring Jewelry; Retail services through direct solicitation by distributors directed to end-users featuring Jewelry; Street vendor services featuring Jewelry; Vending in the field of Jewelry" in Class 35), a copy of which is attached hereto as **Exhibit 2**. This registration is now valid, subsisting, uncancelled and unrevoked.

20.     Origami Owl is the owner of United States Trademark Registration No. 4,430,806 registered November 12, 2013, for "O2 ORIGAMI OWL" (for "On-line retail store services featuring jewelry; On-line wholesale store services featuring jewelry; Online retail services through direct solicitation by distributors directed to end-users featuring jewelry; Retail services through direct solicitation by distributors directed to end-users featuring jewelry; Street vendor services featuring jewelry; Vending in the field of jewelry" in Class 35), a copy of which is attached hereto as **Exhibit 3**. This registration is now valid, subsisting, uncancelled and unrevoked.

21.     Origami Owl is the owner of United States Trademark Registration No. 4,540,403, registered May 27, 2014, for "ORIGAMI OWL" (for "Jewelry" in Class 14 and "Shop-at-home parties featuring jewelry; providing and implementing incentive awards programs for independent sales representatives to promote the sale of jewelry to others; business

5

marketing consultation and advice in the field of shop-at-home-parties featuring jewelry" in Class 35), a copy of which is attached hereto as **Exhibit 4**. This registration is now valid, subsisting, uncancelled and unrevoked.

22. Origami Owl is the owner of United States Trademark Registration No. 4,307,520, registered March 26, 2013, for "LIVING LOCKETS" (for "Gemstone jewelry; Jewelry; Jewelry, namely, magnetic necklaces; Stainless steel jewelry bracelets; Women's jewelry" in Class 14), a copy of which is attached hereto as **Exhibit 5**. This registration is now valid, subsisting, uncancelled and unrevoked.

23. Origami Owl is the owner of United States Trademark Registration No. 4,264,185, registered December 25, 2012, for "YOU TELL STORIES WITH WORDS…WE TELL STORIES WITH JEWELRY," (for "Jewelry" in Class 14), a copy of which is attached hereto as **Exhibit 6**. This registration is now valid, subsisting, uncancelled and unrevoked.

24. Origami Owl is the owner of United States Trademark Registration No. 4,278,689 registered January 22, 2013, for "EVERY LOCKET TELLS A STORY… WHAT'S YOURS" (for "Jewelry" in Class 14), a copy of which is attached hereto as **Exhibit 7**. This registration is now valid, subsisting, uncancelled and unrevoked.

25. Origami Owl is the owner of United States Trademark Registration No. 4,301,141 registered August 27, 2013, for the following design:



(for "Jewelry" in Class 14), a copy of which is attached hereto as **<u>Exhibit 8</u>**. This registration is now valid, subsisting, uncancelled and unrevoked.

26.     Beginning on or about November of 2010, Origami Owl has continuously used its Marks identified above in connection with and to identify its unique Products and to distinguish its Products from similar products offered by other companies, by, and without limitation, prominently displaying its Marks on its Products and advertising and promotional materials distributed throughout the United States. Origami Owl's Products sold under the Marks listed above and brand name are provided nationwide including in the State of South Carolina**.**

27.     In addition, as of the date of the filing of this complaint, Origami Owl is actively engaged in expanding its use of the Marks listed above in connection with its unique in interstate commerce throughout the United States including in the State of South Carolina**.**

28.     Defendant has infringed Origami Owl's Marks in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising competing jewelry items under the name "Origami Lockets" of a type virtually identical to the type of jewelry offered by Origami Owl, at his numerous kiosk sales locations, prominently displaying, advertising, and promoting his jewelry products under the name "Origami Lockets".

29.     Defendant's use of "Origami Lockets" in connection the sale of competing jewelry is without permission or authority of Origami Owl and is likely to cause confusion, to cause mistake and/or to deceive.

26.     Defendant's use of "Origami Lockets" in connection with the sale of jewelry has been made notwithstanding Origami Owl's well-known and prior established rights in the trademark Marks identified above, and with both actual and constructive notice of Origami Owl's federal registration rights under 15 U.S.C. § 1072.

7

27. Upon information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Origami Owl's business, reputation and good will in its federally registered Marks. Origami Owl has no adequate remedy at law.

### B.  SECOND CAUSE OF ACTION: FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)

28. Origami Owl re-alleges and incorporates by reference the factual allegations above.

29. Upon information and belief, Defendant has used the designation "Origami Lockets" in connection with competing jewelry products in interstate commerce. Defendant has also expressly made false statements regarding the manufacturer and origin of the jewelry products he is selling. Use of the designation "Origami Lockets," as well as misrepresenting the manufacturing source for his competing jewelry, are false designations of origin, false or misleading description and representation of fact which are likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant with Origami Owl and as to the origin, sponsorship, or approval of Defendant's products and commercial activities by Origami Owl.

30. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Origami Owl's business, reputation and good will in its Marks. Origami Owl has no adequate remedy at law and requests all appropriate relief, including, but not limited to, injunctive relief.

### C.  THIRD CAUSE OF ACTION: COPYRIGHT INFRINGEMENT

31. Origami Owl re-alleges and incorporates by reference the factual allegations above.

32. At all relevant times Origami Owl has been and still is the owner and proprietor of all right, title and interest in and to the Copyrighted Designs embodied in its Products, as well as the photographs of these designs as embodied in its Products which appear on its website.

33. Origami Owl's Copyrighted Designs are used in Products containing material wholly original with Origami Owl and are copyrightable subject matter under the copyright laws of the United States.

34. With full knowledge of Origami Owl's rights, Defendant has infringed and continues to infringe Origami Owl's copyrights by directly copying its designs, as well as photographs of the designs, into his own products, and selling such products in Georgia, North Carolina, and South Carolina. Defendant made such copies without the consent, approval or license of Origami Owl. Defendant's products and the advertisements for Defendant's products contain wholesale copies of Origami Owl's works, all in violation of its copyrights.

35. Defendant's acts as described above violate Origami Owl's exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, and constitute infringement of its copyrights. Defendant's past and continuing copying, distribution and sale of jewelry utilizing Origami Owl's Copyrighted Designs to consumers who visit Defendant's kiosks constitutes a willful and deliberate infringement of Origami Owl's copyrights and is causing irreparable harm and damage to Origami Owl.

**D.     FOURTH CAUSE OF ACTION: TRADE DRESS INFRINGEMENT**

36. Origami Owl re-alleges and incorporates by reference the factual allegations above.

37. Defendant's unauthorized use of a trade dress on his kiosks in connection with the sale of his products that is confusingly similar to the trade dress used by Origami Owl in

connection with the sale of its Products constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, to the substantial and irreparable injury of the public and of Origami Owl's business reputation and goodwill.

39.     Upon information and belief, by such wrongful acts, Defendant has and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Origami Owl and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

40.     Origami Owl requests all appropriate relief, including, but not limited to, injunctive relief, damages and attorney's fees.

### E.     FIFTH CAUSE OF ACTION: STATE LAW TRADEMARK INFRINGEMENT/DILUTION

41.     Origami Owl hereby re-alleges and incorporates by reference the factual allegations above.

42.     Origami Owl's Marks constitute famous marks in South Carolina, which became famous prior to the commencement of Defendant's activities as alleged herein.

43.     Upon information and belief, Defendant's activities as alleged herein dilute the distinctive quality of Origami Owl's Marks in violation of S.C. Code Ann. § 39-15-1160. Defendant's use of Origami Owl's Marks and Registered Tag Lines so as to deceive the public into believing Defendant is selling Origami Owl Products is a fraud.

44.     Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Origami Owl's business, reputation and good will in its *Mark*. Origami Owl has no adequate remedy at law for Defendant's conduct and seeks all appropriate relief, including, but not limited to, injunctive relief.

**F.     SIXTH CAUSE OF ACTION:  UNFAIR COMPETITION**

45.    Origami Owl hereby re-alleges and incorporates by reference the factual allegations above.

46.    Origami Owl has developed a reputation and goodwill for its name and branding, including its distinctive white owl trademarks, and through Origami Owl's advertisements and use of its name, branding, Marks and Copyrighted Designs, its name and branding have acquired a secondary meaning particular to Origami Owl and its products.  Defendant's use of "Origami Lockets" and Origami Owl's branding and photographs of Origami Owl's products in connection with Defendant's sale of similar and competing products an attempt to pass-off Defendant's products as those of Origami Owl and use, without permission or license, Origami Owl's goodwill and reputation.   As a result of Defendant's improper activities, consumers have been and are being deceived and misled, and thus and its Defendant's activities constitute unfair competition.

47.    Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Origami Owl's business, reputation and good will in its Marks.  Origami Owl has no adequate remedy at law and requests all appropriate relief, including, but not limited to, injunctive relief.

**G.     SEVENTH CAUSE OF ACTION: UNFAIR TRADE PRACTICES ACT**

48.    Origami Owl hereby re-alleges and incorporates by reference the factual allegations above.

49.    Defendant's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of S.C. Code Ann. § 39-5-20, by among other things, passing off goods as those of another; causing confusion and

misunderstanding as to the source of the goods; causing confusion and misunderstanding as to the affiliation and connection of his goods with those of Origami Owl; false representations regarding the characteristics of his products; and representing that his products are the Copyrighted Designs owned by Origami Owl.

50.     Upon information and belief, Defendant's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Origami Owl's business, reputation and good will in its Marks.  Origami Owl has no adequate remedy at law, and requests all appropriate relief, including, but not limited to, injunctive relief.

## VI.     PRAYER

WHEREFORE, Origami Owl prays for judgment against Defendant, including Orders, which provide the following relief:

A.     Granting a Preliminary and Permanent Injunction restraining Defendant, his directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with him, from:

1.  Infringing Origami Owl's trademark, trade dress rights, and Copyrighted Designs; and,
2.  Unfairly competing with Origami Owl.

B.     Directing Defendant to use his best efforts to recall from the trade and other third parties any and all infringing Products and any marketing, advertising and promotional materials used in connection therewith;

C.     Directing Defendant to file with the Court and serve on counsel for Origami Owl, within thirty days after entry of any Injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the Injunction;

D.     Directing Defendant to deliver up to Origami Owl for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing products and any promotional, marketing, advertising, and promotional materials used in connection therewith, now or hereafter in his possession, custody or control;

  E. Directing Defendant to account to Origami Owl for any and all profits derived by Defendant from the sale of goods bearing the infringing trademark, trade dress and Copyrighted Designs;

Origami Owl also seeks a final judgment, which includes the following relief:

  A. Awarding Origami Owl a monetary judgment against Defendant for Origami Owl's damages and Defendant's profits pursuant to 15 U.S.C. § 1117;

  B. Trebling the amount of such award on account of Defendant's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

  C. Awarding Origami Owl its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117;

  D. Awarding Origami Owl a monetary judgment against Defendant for Origami Owl's actual damages they have sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C. §504(b);

  E. Ordering Defendant to account for and disgorge to Origami Owl all gains, profits, and advantages derived by its copyright infringement pursuant to 17 U.S.C. 504(b);

  F. Awarding Origami Owl a monetary judgment against Defendant for statutory damages pursuant to 17 U.S.C. §504(c);

  G. Increasing the amount of such award for statutory damages to the maximum amount permissible under the law on account of Defendant's willful infringement pursuant to 17 U.S.C. §504(c)(2);

  H. Awarding Origami Owl its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendant's intentional and willful infringement, pursuant to 17 U.S.C. §505; and

  I. Awarding Origami Owl such other and further relief as the Court may deem just and proper.

Dated: July 15, 2014

        Respectfully Submitted,

        NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/Robert C. Calamari
    Robert C. Calamari
    Federal Bar No. 5735
    E-Mail: bob.calamari@nelsonmullins.com
    Daniel R. McCoy
    Federal Bar No. 11213
    E-Mail: dan.mccoy@nelsonmullins.com
    3751 Robert M. Grissom Parkway / Suite 300
    Post Office Box 3939 (29578-3939)
    Myrtle Beach, SC  29577-6412
    (843) 448-3500
    *Co- Counsel for Origami Owl, LLC*

SCHEEF & STONE, LLP

    C. Brenton Kugler
    Texas Bar No. 11756250
    Charlene C. Koonce
    Texas Bar No. 11672850
    Tom Kulik
    Texas Bar No. 24025482
    500 North Akard Street, Suite 2700
    Dallas, Texas 75201
    (214)706-4200
    (214) 706-4242 (fax)
    Charlene.koonce@solidcounsel.com
    *Attorneys for Origami Owl, LLC*